Filing # 58916790 E-Filed 07/12/2017 02:37:41 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

CORBET TRUOG and KIMBERLY
TRUOG, individually and as parents
And natural guardians of minor, B.T.,

          Plaintiffs,

vs.

MID-AMERICA APARTMENT
COMMUNITIES, INC., and PAMELA
ALBERT,

          Defendants.
_____/

Case No. 2017-CA-001340110-K

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, MID-AMERICA APARTMENT COMMUNITES, INC., by and through undersigned counsel, answer Plaintiffs' Complaint as follows:

1. Admit for jurisdictional purposes only, but deny Plaintiffs' entitlement to same.

2. Admit for venue purposes only, but otherwise without knowledge and therefore denied.

3. Admit for venue purposes only, but otherwise denied.

4. Admit for venue purposes only, but otherwise denied.

5. Admit for jurisdictional and venue purposes only, but otherwise denied.

6. Admit for jurisdictional and venue purposes only, but otherwise denied.

7. Admit for jurisdictional and venue purposes only, but otherwise denied.

8. Admit for venue purposes only, but otherwise denied.

9. Admit that Mid-America Apartment Communities, Inc. owned the apartment complex referred to as Colonial Grand.

10. Admit that Pamela Albert has served as property manager for the complex known as Colonial Grand.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT I

### (NEGLIGENT FAILURE TO WARN – MS. ALBERT)

21. – 28. Paragraphs 1 through 28 do not apply to this Defendant and thus no response is necessary. However, to the extent they are deemed applicable, they are denied in their entirety.

## COUNT II

### (VICARIOUS LIABILITY – MID-AMERICA)

29. Defendants incorporate by reference their answers to paragraphs 1 through 20 and 22 through 28 above as though fully set forth herein.

30. Denied.

## COUNT III

**(DIRECT LIABILITY FOR NEGLIGENT FAILURE TO WARN – MID-AMERICA)**

31. Defendants incorporate by reference their answers to paragraphs 1 through 20 above as though fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT IV

**(DAMAGES FOR PLAINTIFFS INDIVIDUALLY AGAINST MS. ALBERT)**

38. – 39. Paragraphs 38 and 39 do not apply to this Defendant and thus no response is necessary. However, to the extent they are deemed applicable, they are denied in their entirety.

## COUNT V

**(DAMAGES FOR PLAINTIFFS INDIVIDUALLY AGAINST MID-AMERICA)**

40. Defendants incorporate by reference their answers to paragraphs 1 through 17 and 30 and 32 through 37 above as though fully set forth herein.

41. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

For a first defense in answering the numbered paragraphs of the Complaint, this Defendant states that the Plaintiff was guilty of negligence and this negligence was a legal cause

of any degree of damages suffered by Plaintiff, if any, and Plaintiff is thereby entitled only to such damages, if any, as were legally caused by the Defendant herein.

## SECOND DEFENSE

For a second defense in answering the numbered paragraphs of the Complaint, this Defendant states that no concealed perils existed on the Defendant's property which could not have been discovered by the Plaintiff through the exercise of due care.

## THIRD DEFENSE

For a third defense in answering the numbered paragraphs of the Complaint, this Defendant states that no dangers, negligent, or unsafe condition existed at the time and place where Plaintiff allegedly was injured, or if such condition did exist, it did not exist for such a period of time as to have provided actual or constructive notice thereof to Defendant, as a result of which this Defendant is not liable for any damages sustained by the Plaintiff, if any.

## FOURTH DEFENSE

For a fourth defense in answering the numbered paragraphs of the Complaint, this Defendant states that the Plaintiff's knowledge of the allegedly dangerous condition was equal to or greater than the Defendant's knowledge, and thus, Plaintiff's recovery is barred.

## FIFTH DEFENSE

For a fifth defense in answering the numbered paragraphs of the Complaint, this Defendant states that the Plaintiff's alleged injuries and damages, if any, are the result of pre-existing physical conditions of Plaintiff, for which this Defendant have no liability, and not the result of any negligence as alleged in the Plaintiff's Complaint.

## SIXTH DEFENSE

For a sixth defense in answering the numbered paragraphs of the Complaint, this Defendant states that the Plaintiff may not recover any damages for which benefits have been

paid or are available from any collateral source as defined by Florida Statutes, §§627.7372, 768.76, 627.727, or as otherwise defined by law.

### SEVENTH DEFENSE

For a seventh defense in answering the numbered paragraphs of the Complaint, this Defendant states that the alleged condition that is the subject of this lawsuit was open and obvious, thus, Defendants owed no duty to Plaintiff to warn if the condition existed as alleged by Plaintiff.

### EIGHTH DEFENSE

Defendant affirmatively alleges that Plaintiff's alleged damages were caused by the fault of other parties, named or unnamed, and as a result, this Defendant should be liable, if at all, only for its proportionate share of liability, pursuant to Florida Statutes §768.81(3), Messmer v. Teachers Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), and as further supported in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). Defendant is undertaking reasonable investigation and discovery in connection with this affirmative defense as the case proceeds. It is anticipated that, by the time of the pre-trial conference, at which it is appropriate to narrow the issues to be tried, Defendant may be in a position to specifically name or specifically identify potential Fabre defendants, or in the alternative, may be in the position to withdraw such affirmative defense. All rights are preserved in connection with such defense.

### NINTH DEFENSE

For a ninth defense in answering the numbered paragraphs of the Complaint, this Defendant states that to the extent that Plaintiff has failed to mitigate his damages, if any, she is not entitled to recovery of any damages which could have been mitigated.

## TENTH DEFENSE

For a tenth defense in answering the numbered paragraphs of the Complaint, this Defendant states that any recovery should be reduced or barred by any settlement, judgment or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint.

## DEMAND FOR NON-JURY TRIAL

Defendant demands a trial by non-jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Court's E-Filing Portal on July 12, 2017 to:

Peter W. van den Boom, Esquire
FBN 143601
Lydia S. Zbrzeznj
FBN 98181
P.O. Box 2188
Bartow, FL 33831-2188
(863) 533-0314; FAX (863) 533-8985
[email addresses illegible]
*Attorney for Plaintiffs*

By: /s/ Trevor T. Rhodes
    Trevor T. Rhodes, Esquire
    FLBN: 0020573
    Benjamin G. Lopez
    FLBN: 0117532
    BANKER LOPEZ GASSLER P.A.
    Email: [illegible]
    501 E. Kennedy Blvd., Suite 1700
    Tampa, FL 33602
    Ph: (813) 221-1500; FAX: (813) 222-3066
    *Attorneys for Defendants*