# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORBET TRUOG and KIMBERLY TRUOG,**

      **Plaintiffs,**

**v.**                                                  **Case No:  6:17-cv-2088-Orl-37KRS**

**MID-AMERICA APARTMENT COMMUNITIES, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **SECOND AMENDED AGREED MOTION FOR ORDER COMPELLING DEPOSITION (Doc. No. 25)**
>
> **FILED:**      **May 1, 2018**

### I. BACKGROUND.

At all times relevant to this lawsuit, Plaintiffs Corbet Truog and Kimberly Truog lived at the Colonial Grand apartment complex, which is owned by Defendant Mid-America Apartment Communities, Inc. Doc. No. 1 ¶ 11. In their complaint, they allege that, while they lived at the apartment complex, their minor child, B.T., was sexually assaulted by another minor child, A.O., who resided at the apartment complex. *Id.* ¶¶ 12, 15, 20. They allege that A.O. had previously committed another sexual assault and that Defendant knew about that assault. *Id.* ¶¶ 16-17. Thus, they allege that Defendant is liable to them for failing to warn them about A.O.'s previous criminal conduct. *Id.* ¶¶ 31.

As part of discovery, Defendant served a subpoena on Eunice McIntosh-Carassa, MSW, commanding her to appear for a deposition on May 7, 2018. Doc. No. 25-1. Ms. McIntosh-Carassa is the Case Coordinator for the Child Protection Team for Kids House Wayne Densch Children's Advocacy Center. She has been identified as a person with knowledge of Plaintiffs' claims. Doc. No. 25, at 2.

In response to the subpoena, Ms. McIntosh-Carassa informed Defendant's counsel that she was unable to testify without a court order because Florida Statutes Chapter 39 forbids the Child Protection Team from releasing confidential information. Doc. No. 25-2. When informed of Defendant's intent to move to compel her participation in the deposition, Ms. McIntosh-Carassa stated that she did not object to the motion, so long as it results in an order signed by a judge directing her to appear for the deposition. *Id.* Plaintiffs also do not object to the motion to compel. Doc. No. 25, at 4. Accordingly, the motion is ripe for decision.

## II. DISCUSSION.

Florida Statutes § 39.202(6) provides in relevant part: "All records and reports of the child protection team of the Department of Health are confidential and exempt from the provisions of ss. 119.07(1) and 456.07, and shall not be disclosed, except . . . by order of the court."[1] In the absence of objection from Plaintiffs and Ms. McIntosh-Carassa, it appears that Defendant has a proper interest in obtaining Ms. McIntosh-Carassa's testimony so that it can discover facts that will allow

---

[1] Defendant also cites to Fla. Stat. § 39.0132(3), which provides that all court records required by Fla. Stat. Chapter 39 "shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein." It is not entirely clear that § 39.0132(3) is applicable to this case because Defendant has not identified any court records that it wishes to inspect. Nonetheless, at least one court has found that a defendant in a wrongful death action has a "proper interest" in inspecting confidential documents within the meaning of Fla. Stat. § 39.0132(3) because it has an interest in discovering facts that will permit it to assess the damages claimed against it, for purposes of either defending itself or engaging in settlement negotiations. *See In re J.B.*, 101 So. 3d 407, 409-10 (Fla. 2d Dist. Ct. App. 2012). Accordingly, and in the absence of objection from Plaintiffs and Ms. McIntosh-Carassa, it appears that Defendant has a "proper interest" within the meaning of § 39.0132(3), thereby justifying issuance of a motion to compel.

it to defend itself in this case. Therefore, Defendant's motion to compel Ms. McIntosh-Carassa's deposition (Doc. No. 25) is **GRANTED**. It is **ORDERED** that Ms. McIntosh-Carassa shall appear at Regus, 801 International Parkway, 5th Floor, Lake Mary, FL 32746, on May 7, 2018, at 10:30 a.m. for purposes of providing a deposition in this case. She is explicitly permitted to testify as to confidential information that would otherwise be protected by Fla. Stat. § 39.202(6) or other applicable statute.

It is further **ORDERED** that counsel and the parties must treat Ms. McIntosh-Carassa's testimony regarding matters protected by section 39.202(6) as confidential and they must not use or disclose this information except in the course of this litigation. To the extent that Ms. McIntosh-Carassa provides information about minors, that information may be used in this litigation only by redacting identification information about the minors and using initials only to identify the minors in papers filed with the Court.

It is **FURTHER ORDERED** that, on or before May 2, 2018, Defendants shall serve a copy of this Order (via U.S. Mail or email) on Ms. McIntosh-Carassa and file a certificate of service with the Court indicating their compliance with this requirement.[2]

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The subpoena attached to Defendant's motion appears to comply with Fed. R. Civ. P. 45. It is, however, unclear whether Defendant also provided Ms. McIntosh-Carassa with the required witness and mileage fees required by Fed. R. Civ. P. 45(b)(1). To the extent they have not done so, it is **ORDERED** that they provide Ms. McIntosh-Carassa with the required fees contemporaneously with the service of this Order upon her.